UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:23-cr-00183-RBD-EJK

CHRISTOPHER W. JOHNSON
JASEN L. HARVEY
ARTHUR L. GRIMES

## UNITED STATES' MOTION IN LIMINE

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, respectfully requests the Court make a pretrial ruling regarding the admissibility of certified records of regularly conducted business activity pursuant to Federal Rules of Evidence 803(6) and 902(11).[1]

## BACKGROUND

At trial, the Government may seek to introduce evidence from the following sources without the testimony of a records custodian:

- Bank of America
- BB&T
- Fifth Third Bank
- JP Morgan Chase
- Square, Inc.
- SunTrust
- TD Bank

---

[1] The Government conferred with counsel for each of the defendants over email. Counsel for Mr. Christopher Johnson and Mr. Jasen Harvey do not object. Counsel for Mr. Arthur Grimes indicated that due to the volume of the materials, he is not in a position to make a representation regarding the motion at this time.

1

- Wells Fargo

If and when the Government obtains business records certifications from other sources, the Government may also seek to introduce the records covered by those certifications without the testimony of a records custodian. However, this motion only addresses the records for which the Government currently has certifications.

## ARGUMENT

Records of regularly conducted business activity, also known as business records, are admissible under the exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). Rule 803(6) provides that such records are admissible if the following criteria are satisfied:

    (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

    (C) making the record was a regular practice of that activity;

    (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

    (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed R. Evid. 803(6).

When accompanied by a certification of a records custodian, such records are self-authenticating, pursuant to Federal Rule of Evidence 902(11), and do not require live testimony from the records custodian at trial to admit them into evidence. Rule

902(11) requires that the proponent of the evidence give the opposing party "reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." The introduction of business records pursuant to Rule 902(11) certifications does not implicate the Confrontation Clause because business records certifications are not testimonial. *United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23 (2009)).

Certifications that comply with Rules 803(6) and 902(11) for the records described above were provided to the defendants in discovery. They are also attached to this motion as Exhibit A.

WHEREFORE, the Court should permit the Government to introduce documents from these sources at trial without the testimony of a records custodian.

Dated: January 4, 2023

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Caroline E. Pearson*
    Caroline E. Pearson
    Trial Attorney
    U.S. Department of Justice, Tax Division
    150 M Street, NE
    Washington, D.C. 20002
    202-307-6541 (v)
    Caroline.Pearson@usdoj.gov

3

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this case.

                By:  */s/ Caroline E. Pearson*
                     CAROLINE E. PEARSON
                     Trial Attorney
                     U.S. Department of Justice
                     Tax Division
                     150 M Street, NE
                     Washington, D.C. 20002
                     202-307-6541 (v)
                     Caroline.Pearson@usdoj.gov